## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DOUGLAS LUNA** | ) | **CIVIL ACTION NO.** |
| | ) | |
| **VERSUS** | ) | **SECTION :** |
| | ) | |
| **AMERICAN TUGS, INC., AND MOLLY LEE** | ) | **MAGISTRATE:** |
| **TOWING, INC.** | ) | |

### SEAMAN'S COMPLAINT

The complaint of Douglas Luna, a person of the full age of majority and resident of the Parish of Jefferson, State of Louisiana (hereinafter sometimes referred to as "Plaintiff"), who respectfully represents as follows:

1.

Made defendants herein are:

a) American Tugs, Inc., a corporation organized according to the laws of the State of Louisiana, and at all times pertinent hereto, was authorized to do, and was doing business in, the State of Louisiana; which, at all times pertinent hereto, was the owner of a vessel in navigation, the M/V *Molly Lee,* and

b) Molly Lee Towing Company, Inc.,  a corporation organized according to the laws of the State of Louisiana, and at all times pertinent hereto, was authorized to do, and was doing business in, the State of Louisiana, which, at all times pertinent hereto, was the operator/charterer of the M/V *Born Again*, and was employer of its crew.

2.

The jurisdiction of this Honorable Court is based upon the provisions of 28 U.S.C. § 1333(1), and is being brought pursuant to the provisions of 46 U.S.C. § 30104 (the "Jones Act"), and the provisions of the general maritime law. Specifically, plaintiff is entitled to avail himself of the provisions of 28 U.S.C. Section 1916, allowing him to proceed without the necessity of prepayment of costs, fees or the posting of security, and Rule 9(h) of the Federal Rules of Civil Procedure.

3.

The defendants American Tugs, Inc. and/or Molly Lee Towing Company, Inc., are justly and truly indebted unto your plaintiff, Douglas Luna, for the following reasons, to-wit:

4.

At all material times, plaintiff Douglas Luna was employed by American Tugs, Inc. as a deckhand and a Jones Act seaman.

5.

Plaintiff was permanently assigned by defendant, Molly Lee Towing Company, Inc., to work aboard the M/V *Born Again,* a vessel that was owned and/or operated and/or chartered and/or controlled by American Tugs, Inc. at all material times herein.

6.

On or about, March 21, 2012, while performing his duties as a deckhand aboard the M/V *Born Again*, plaintiff, Mr. Luna was assigned to assist in the tying off of two empty barges and a crane barge, which were to be attached to the M/V *Born Again* and then transferred by the M/V *Born Again* from Industrial canal area of New Orleans East to the Harvey Canal.

7.

To perform his duties, Luna placed a 12' to 15' stepladder (which was part of the equipage of the M/V *Born Again)* against the starboard empty barge in order to tie a wire to the timberhead. The ladder was unable to be used properly due to it positioning, and no suitable ladder was available. Luna climbed up the ladder, threw the wire to deck of the crane barge, and then attempted to descend the ladder. Thereupon, the ladder gave way, and plaintiff fell to the deck of the crane barge, striking his lower back on the deck and on a steel bit located on the deck of the crane barge.

8.

Plaintiff shows that at all times pertinent he was where he was ordered to be and performing the duties and functions he was instructed and obliged to perform pursuant to directives of defendant, American Tugs, Inc.; its agents, employees, and/or assigns.

9.

The casualties occurred as a direct and proximate result of the negligence of defendant, American Tugs, Inc., and/or the negligence of the master and/or crew of the M/V *Born Again* in failing to provide adequate equipment aboard the vessel, failing to provide adequate personnel to accomplish the barge tie-off operation in a same and seamanlike manner, ordering the crew to work using unsafe conditions, as well as other acts of negligence which will also be proven at trial. These acts of negligence render defendant, American Tugs, Inc. and/or Molly Lee Towing Company, liable to plaintiff pursuant to the Jones Act, 46 U.S.C. §30104, and also liable pursuant to the general maritime law for negligence.

10.

In the alternative, plaintiff's that a proximate cause of his accident and subsequent injures the defendants' violation of numerous statutes and regulations, including, but not limited to, statutes and regulations issued by OSHA and the United States Coast Guard.

11.

Plaintiff further demands that defendant, American Tugs, Inc., provide him with maintenance and cure benefits until such time as he reaches "maximum medical cure," as determined by plaintiff's treating physician. Plaintiff demands that maintenance be instituted in the amount of Fifty ($50.00) dollars per day from the date of his injury.

12.

In addition, the defendant has refused and/or failed and/or partially failed to timely pay plaintiff's maintenance and cure benefits. The refusal/failure to do so on a timely basis was willful, wanton, arbitrary, capricious, and/or otherwise without cause. As a result, the plaintiff has had to endure additional and unnecessary pain, suffering and financial stress and possible worsening of his physical condition. As a result thereof, the defendant is liable until the plaintiff for additional compensatory damages in a full and true amount to be determined at the trial of this matter, together with interest from the date of occurrence, a reasonable attorney's fee and all costs of these proceedings and punitive damages pursuant to the Supreme Court of the United States' ruling in *Atlantic Sounding Co., Inc v. Townsend*, 129 S. Ct. 2561 (2009).

13.

The above-described incidents were caused solely by the negligence of defendants, American Tugs, Inc. and/or Molly Lee Towing Company, Inc. through their agents, servants and employees, which are more particularly described as follows:

NEGLIGENCE OF AMERICAN TUGS, INC.

    a)  Failing to properly supervise its employees.

    b)  Failing to properly train and/or supervise plaintiff and other employees.

    c)  Failing to provide plaintiff with a safe place to work, and requiring plaintiff to work in unsafe conditions.

    d)  Failing to adequately equip its vessel with proper equipment required to perform certain operations.

    f.  Other acts of negligence which will be shown more fully at trial.

NEGLIGENCE OF MOLLY LEE TOWING, COMPANY, INC.

    a)  Failing to properly supervise its employees.

    b)  Failing to properly train and/or supervise plaintiff and other employees.

    c)  Failing to provide plaintiff with a safe place to work, and requiring plaintiff to work in unsafe conditions.

    d)  Failing to adequately equip its vessel with proper equipment required to perform certain operations.

    f.  Other acts of negligence which will be shown more fully at trial.

14.

Additionally, and in the alternative, plaintiff, Douglas Luna, reiterating and realleging each and every allegation set forth above, as though set forth herein *in extenso*, avers that a proximate cause of his accident and his subsequent injuries was the unseaworthiness of the M/V *Born Again,* in being improperly equipped and supplied with equipment which was unsuited for their intended purposes. the applicability of the doctrine of *res ipsa loquitur*.

15.

As a result of the above-described negligence and unseaworthiness of the vessel, plaintiff, Douglas Luna, sustained the following damages:

a.  Past, present and future physical pain and suffering;

b.  Past, present and future mental pain, suffering and anguish;

c.  Past, present and future medical expenses;

d.  Past lost wages;

e.  Past lost found;

f.  Loss of future earning capacity;

g.  Loss of future found;

h.  Loss of fringe benefits;

i.  Disfigurement and disability;

j.  Loss of enjoyment of life; and,

k.  Other damages which shall be proven at trial.

16.

Plaintiff is entitled to prejudgment interest on his damages from the dates of loss.  As to any damages which the court determines are not properly subject to an award of prejudgment interest, plaintiff demands interest from the date of judicial demand.

17.

Plaintiff is entitled to recover all costs of these proceedings, including filing fees, expert witness fees, attorney's fees and other court costs and litigation costs.

**WHEREFORE**, plaintiff, Douglas Luna, prays that the defendants American Tugs, Inc., be duly cited and served with a copy of the Complaint and that after due proceedings are had there be judgment rendered herein in favor of plaintiff and against American Tugs, Inc., and/or Molly Lee Towing Company, Inc., jointly, severally, and/or *in solido,* in an amount sufficient to

adequately compensate your plaintiff for his damages together with legal interest thereon from date of judicial demand until paid, for all costs of this suit and for all general and equitable relief.

**RESPECTFULLY SUBMITTED BY:**

*/s/Ronna M. Steele*
**RONNA M. STEELE (#20006)**
**BRIAN C. BECKWITH (#16809)**
301 Huey P. Long Avenue
Gretna, LA  70053
Telephone:  (504) 366-3475
Attorney for Douglas Luna
Email: *rsteele@usagulf.com*

PLEASE SERVE:

American Tugs, Inc.
Through its authorized agent for service of process
A. J. Dufrene
1515 Engineers Road
Belle Chasse, LA 70037

Molly Lee Towing Co., Inc.
Through its authorized agent for service of process
Autry J. Dufrene
1412 Stonebridge Drive
Gretna, LA 70056